UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-82298

NATALIE JOSEPH,
    Plaintiff,

v.

MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.,
    Defendants.
_____/

## COMPLAINT FOR ACTUAL AND STATUTORY DAMAGES
### JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant filed a state court action against Plaintiff's property in this District.

### PARTIES

3. Plaintiff, NATALIE JOSEPH ("JOSEPH"), is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MIDLAND FUNDING, LLC. ("MIDLAND"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of California with its principal place of business at 3111 Camino del Rio North, Suite 1300, San Diego, CA 92108.

5. Defendant, Midland, is registered with the Florida Department of State, Division of Corporations as a limited liability company. Its registered agent for service of process is

Midland Credit Management, Inc., c/o Canon Business Process, 13008 Telecom Dr., Suite 350, Temple Terrance, Florida 33637.

6. Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), is a corporation organized under the laws of the State of Kansas. It is a citizen of the State of California with its principal place of business at 3111 Camino del Rio N, Suite 103, San Diego, CA 92108.

7. MCM is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

8. Defendants regularly use the mail and telephone in businesses the principal purpose of which is the collection of debts.

9. Defendants are registered with the Florida Office of Financial Regulation as consumer collection agencies.

10. Defendant, Midland, filed suit against Plaintiff in Palm Beach County, Florida.

11. Defendants regularly use the mail and telephone to collect consumer debts.

12. Defendants' primary purpose is the collection of debts.

13. Defendants are "debt collectors" as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

14. Defendants sought to collect from Joseph an alleged debt arising from a credit card which Plaintiff used for his own personal, family and household purposes ("the debt").

15. Powell's alleged debt went into default.

16. On or about February 2, 2016, Midland filed suit against Joseph in state court in Palm Beach County, Florida.

17. At the state court pretrial conference, the court ordered Joseph to pay $20.00 per month beginning on April 17, 2016. A copy of the Order for Payment with Judgment Upon Default ("Order") is attached as Exhibit "A."

18. Plaintiff had been paying and continues to pay on the debt.

19. Plaintiff was and continues to pay $60.00 every three (3) months. Plaintiff always pays ahead; she is never late with her payments and has never been in default of the payment plan.

20. Defendants, for more than four (4) years, have accepted Plaintiff's quarterly payments.

21. Defendants advanced Plaintiff's due date forward three (3) months for every $60.00 they received. A copy of monthly statements from Defendants is attached as Composite Exhibit "B."

22. Defendants, on July 10, 2020, submitted an Affidavit of Non-Compliance ("Affidavit") with Stipulation. A copy of the Affidavit is attached as Exhibit "C."

23. The Affidavit states that Plaintiff had paid $1020.00 but had failed to make payments due pursuant to the Order. *See* Exhibit "C."

24. The Affidavit does not delineate or explain how Plaintiff was late on her payments with Defendants. *See* Exhibit "C."

25. Plaintiff paid $1020.00, which at $20.00 per month would mean she had paid through June 17, 2020. As of July 10, 2020, the date of Defendants' Affidavit, Plaintiff was not in default.

26. Defendants' Affidavit is a mischaracterization of Plaintiff's payment history and a false statement.

27. Because of Defendants' false statement, a default final judgment against Joseph was entered on the next business day, July 13, 2020. A copy of the Final Judgment is attached as Exhibit "D."

28. Joseph moved to vacate the improperly entered judgment on or about August 25, 2020. A copy of the Motion to Vacate Judgment is attached as Exhibit "E."

29. Notwithstanding the Motion to Vacate Judgment, Defendants did not agree to vacate the improperly entered judgment and required Joseph to pay for legal counsel to attend a hearing on the motion.

30. The state court found that Midland and MCM had failed to establish that Joseph was in default of the Order and vacated the Final Judgment. A copy of the Order Granting Defendant's Motion to Vacate Final Judgment is attached as Exhibit "F."

31. Defendants had no legal basis to move for judgment based on default.

32. Defendants acted in malice to harass and pressure Plaintiff in an effort financially benefit themselves.

33. Plaintiff suffered damages as a result of Defendants' improper actions and seeks statutory and compensatory damages.

## COUNT I – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

34. Plaintiff incorporates Paragraphs 1 through 33.

35. Defendants improperly sought and obtained a final judgment when Plaintiff was not in default in violation of 15 U.S.C. §1692e(2)(a).

36. Defendants' conduct was egregious.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE AND MISLEADING STATEMENT
## IN VIOLATION OF 15 U.S.C §1692e(5)

36. Plaintiff incorporates Paragraphs 1 through 33.

37. Defendants improperly sought and obtained a final judgment when Plaintiff was not in default in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE STATEMENT TO A TRIBUNAL

38. Plaintiff incorporates Paragraphs 1 through 33.

39. Defendants falsely stated in its Affidavit that Plaintiff was in default of the Order when she was not.

40. Defendants made these same false statements at the hearing on Joseph's Motion to Vacate Judgment.

41. These statements were false as evidenced by the state court's order vacating the final judgment. *See* Exhibit "F."

42. Defendants made these representations in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zwicker for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

> Debt Shield Law
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:    305-776-1805
> Fax:    305-503-9457
> legal@debtshieldlawyer.com
> joel@debtshieldlawyer.com
>
>   */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163